**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SIDNEY NELSON, JR., | DOCKET NUMBER |
| Appellant, | SF-0845-13-0347-I-1 |
| v. | |
| OFFICE OF PERSONNEL | DATE: August 15, 2014 |
| MANAGEMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Sidney Nelson, Jr.</u>, Seattle, Washington, pro se.

<u>Kristine Prentice</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM) reconsideration decision which found that he had received an overpayment of annuity benefits under the Federal Employees' Retirement System in the amount of $36,505.58. Generally,

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant bears the burden of establishing his entitlement to a waiver by substantial evidence. 5 C.F.R. § 845.307(b); *Knox v. Office of Personnel Management*, 107 M.S.P.R. 353, ¶ 5 (2007). A waiver may be granted when the annuitant is without fault and recovery would be against equity and good conscience. 5 U.S.C. § 8470(b); 5 C.F.R. § 854.301. OPM policy further provides that individuals who know or suspect that they are receiving overpayments are expected to set aside the amount overpaid pending recoupment, and that in the absence of exceptional circumstances—which do not include financial hardship—recovery in these cases is not against equity and good conscience. IAF, Tab 6, Subtab 6 (Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and Federal Employees Retirement System, § I.B.6.)

¶3 Here, the appellant's petition for review does not challenge OPM's calculation of the overpayment or his receipt of the monies. Petition for Review File, Tab 1. Rather, the appellant argues that the administrative judge erred by

finding him not to be without fault in the overpayment. The appellant reasserts his argument that it was not his fault if he received an overpayment and that he is entitled to a waiver of the overpayment because it is OPM's responsibility to mail him a disability annuity check with the correct amount. *Id.*

¶4 We have considered the appellant's arguments on review concerning the administrative judge's weighing of the evidence, however, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-106 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶5 In this case, the administrative judge thoroughly addressed this issue and found that the appellant is not entitled to a waiver or adjustment of the overpayment. Initial Decision (ID) at 5-11. Specifically, the administrative judge found that the appellant did not dispute the existence or amount of the overpayment. ID at 5. The administrative judge found further that, in 2001, while the appellant was receiving disability retirement benefits from his retirement with the Postal Service, the appellant was also working for the Internal Revenue Service and receiving a salary that nearly matched what he had received from the Postal Service prior to his retirement, and that he did not advise OPM of his IRS salary. ID at 7. The administrative judge also found that OPM's April 4, 2005 letter provided the appellant with written notice of the 80% limitation on annual earnings for a disability retiree and it notified him of his base salary, and thus, the appellant had specific notice of his 80% limitation on earnings by April 4, 2005. Nonetheless, the appellant earned over $40,000.00 annually in 2005, 2006, and 2007. Thus, the administrative judge found that the appellant is not entitled to a waiver of the overpayment because he was not without fault in creating it. ID at 8. With regard to the repayment schedule, the administrative

judge found that the appellant failed to submit substantial evidence sufficient to establish what his monthly income is or whether his spouse has an income. ID at 10. The administrative judge found further that the appellant also failed to submit a current Financial Resources Questionnaire (FRQ) (the only FRQ in the file is dated 2006), and that, while most of the monthly expenses the appellant claims in an unsworn narrative are reasonable, he also claims that he has $800,000.00 in student loans, but he submitted no verification for such an extraordinary debt. ID at 10. Accordingly, the administrative judge found that the appellant failed to establish by substantial evidence that he is entitled to any adjustment of the recovery schedule. ID at 11. While the appellant does not agree with the administrative judge's findings and determinations, he has provided no basis upon which to disturb them. The appellant's mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board. *See Gager v. Department of Commerce*, 99 M.S.P.R. 216, ¶5 (2005); *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam). Accordingly, the appellant has provided no basis upon which to disturb the initial decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.